**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**OMEGA PATENTS, LLC,**

**Plaintiff,**

-vs-                                                                                **Case No.  6:05-cv-1113-Orl-22DAB**

**FORTIN AUTO RADIO, INC., and**
**DIRECTED ELECTRONICS, INC.,**

**Defendants.**

_____

**ORDER AND REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT DIRECTED ELECTRONICS, INC.'S MOTION TO DISMISS OR TRANSFER ON THE GROUND OF FORUM *NON CONVENIENS* (Doc. No. 32)** |
| **FILED:** | **January 17, 2006** |
| | _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |
| **MOTION:** | **DEFENDANT DIRECTED ELECTRONICS, INC.'S MOTION TO STAY DISCOVERY PENDING RULING UPON MOTION TO DISMISS (Doc. No. 39)** |
| **FILED:** | **February 28, 2006** |
| | _____ |
| **THEREON** it is **ORDERED** that the motion is **DENIED** as moot in light of the Court's Report and Recommendation as to Doc. No. 32. | |

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S, DIRECTED ELECTRONICS, INC., REQUEST FOR CASE MANAGEMENT CONFERENCE (Doc. No. 40)** |
| **FILED:** | **February 28, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED** in light of the Court's Report and Recommendation as to Doc. No. 32. This denial is without prejudice to a motion to continue the trial, consistent with the Local Rules.

| | |
|---|---|
| **MOTION:** | **MOTION OF DEFENDANT, DIRECTED ELECTRONICS, INC. FOR LEAVE OF COURT TO FILE A REPLY BRIEF ON THE ISSUE OF *FORUM NON-CONVENIENS* (Doc. No. 41)** |
| **FILED:** | **February 28, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.  The Clerk is directed to file the Reply brief (Doc. No. 41-2) separately.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL DOCUMENTS FROM DEFENDANT DIRECTED ELECTRONICS, INC. (Doc. No. 50)** |
| **FILED:** | **April 10, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED** as moot without prejudice in light of the Court's ruling on Doc. No. 39.   Directed is **ORDERED** to produce responsive documents within 11 days of the date of this Order.

| MOTION: | PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF THE CORPORATE REPRESENTATIVE FOR DEFENDANT DIRECTED ELECTRONICS, INC. (Doc. No. 51) |
|---|---|
| FILED: | April 13, 2006 |

THEREON it is ORDERED that the motion is DENIED as moot without prejudice in light of the Court's ruling on Doc. No. 39.   Directed is ORDERED to produce its corporate representative for deposition on May 17, 2006.

| MOTION: | DEFENDANT DIRECTED ELECTRONICS, INC.'S MOTION FOR PROTECTIVE ORDER AS TO NOTICE OF TAKING DEPOSITION (Doc. No. 55) |
|---|---|
| FILED: | April 21, 2006 |

THEREON it is ORDERED that the motion is DENIED.  Directed is ORDERED to produce its corporate representative for deposition on May 17, 2006.

Omega Patents, L.L.C., is a patent holding company that holds a number of patents in the consumer electronics field.  Omega Patents previously filed suit against Defendant Fortin Auto Radio, Inc., in March 2004 for patent infringement; that suit was resolved in September 2004 through a settlement agreement in which Fortin was granted a license to practice certain patents (the "Omega-Fortin Auto License").[1]  Subsequently, Omega Patents filed this lawsuit against Fortin to enforce the settlement agreement, believing that certain royalties from the patents were being under-reported. One source of sales for the under-reported royalties was allegedly through Defendant Directed Electronics, Inc.'s ("Directed") sales of products allegedly containing Plaintiff's patents, although Fortin has denied licensing the technology to Directed.

_____

[1]Case No. 6:04-cv-448-Orl-19JGG.

Directed moves to have the claims against it transferred to California based on forum selection clauses in contractual agreements between Directed and a company related to Plaintiff and based on a separate agreement between Directed and Fortin. Directed alternatively seeks to have the case dismissed for forum *non conveniens* contending that its operations and personnel are located in California.

*Forum Non Conveniens*

Although Directed appears to use the terms "transfer" and "forum *non conveniens*" interchangeably[2], the doctrine of forum *non conveniens* is inapplicable to this case since Directed seeks to have the case transferred to the Southern District of California, where a federal forum exists. A federal court will only resort to a dismissal under the pre-1948 motion for forum *non conveniens* "in those instances in which the alternative forum is a state court or the court of a foreign country, or situations in which there is no alternative federal forum to which the action could be transferred." 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1352 at 328 (3d ed. 2004). For this reason, the Court will consider Directed's Motion as one to transfer venue pursuant to 28 U.S.C. § 1404(a).

*Standard for Transfer of Case to an Alternative Federal Court*

"For the convenience of parties and witnesses," section 1404(a) allows the district courts to transfer an action to another proper venue if such a transfer will be "in the interest of justice." *In re Ricoh Corp.*, 870 F.2d 570, 572 (11th Cir. 1989) (citing 28 U.S.C. § 1404(a)). "The standard for transfer under § 1404(a) leaves much to the broad discretion of the trial court." *Pilkington v. United Airlines, Inc.*, 855 F. Supp. 1248, 1249-50 (M.D. Fla. 1994); *Codex Corp. v. Milgo Elec. Corp.*, 553

---

[2]Directed mistakenly cites 28 U.S.C. § 1404 as dealing with dismissal under forum *non conveniens,* when that section actually deals with *transfer* of a case to another federal district court. Doc. No. 32 at 6.

F.2d 735, 737 (1st Cir. 1977).  Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public and to conserve time, energy, and money.  *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964).  The burden is on the moving party to persuade the trial court that the transfer is appropriate and should be granted.  *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir. 1996).  To overcome the presumption in favor of the plaintiff's choice of forum, the petitioners must show the balance of conveniences is "strongly in favor" of the transfer.  *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101 (11th Cir. 2004) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947)).

"The question to be determined in this motion is whether Plaintiff's choice of the Middle District of Florida as the forum for this action creates problems of convenience for Defendants and their witnesses of such a substantial nature that the transfer is appropriate in the interests of justice." *Pilkington v. United Airlines, Inc.,* 855 F.Supp. 1248, 1249-50 (M.D. Fla. 1994).  The Court must consider factors such as:  Plaintiff's initial choice of forum, the convenience of the parties and witnesses, the relative ease of access to sources of proof, the availability of compulsory process for witnesses, the location of relevant documents, the financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious, and inexpensive. *Id.* at 1250. In this case, the original Defendant Fortin Auto, is also opposed to the transfer of the case and would prefer that the case remain in Florida.  *See* Doc. No. 36.

*Forum Selection Clause in a Prior Unrelated Agreement*

As an initial matter, Directed attempts to argue that Plaintiff Omega Patents is bound by the forum selection clause in an 1999 cross-license agreement ("1999 License Agreement") between Directed and an entity somehow related to Plaintiff, Omega Research and Development, Inc., the

relationship of which is not clear in the record[3].  The parties agreed to the 1999 License Agreement

in order to settle litigation brought in San Diego, California over various patents owned by each

company.  Doc. No. 33, Ex. A.

In the 1999 License Agreement, Omega Research and Development, Inc. and Directed

consented to exclusive jurisdiction and venue in the Southern District of California.  The venue

provision reads:

> Parties consent to the exclusive jurisdiction and venue in the United States District
> Court for the Southern District of California and waive their rights to object on those
> grounds.

Doc. No. 33, Ex. A at ¶ 19.  Directed now argues that the forum selection clause was not limited to

disputes arising under the 1999 License Agreement or the patents in dispute in that case, but has no

time limitations and governs all subsequent disputes between Directed and Omega Research and

Development, Inc., or for that matter, any entity related to Omega Research and Development.

Plaintiff Omega Patents contends that the forum selection clause in the 1999 License

Agreement was limited to only those sixteen cross-licensed patent claims being disputed which led

to the 1999 License Agreement and does not apply to this case.  It is undisputed that the 1999 License

Agreement was not with Plaintiff in this case, Omega Patents, and did not include any of the patents

at issue in this case.  Moreover, it is undisputed that Fortin was not a party to the 1999 License

Agreement.

As Directed admits, the venue provision quoted above is the entire provision dealing with

venue.  Directed cites no authority whatsoever for the proposition that the forum selection clause in

---

[3]According to its president, Plaintiff Omega Patents is a separate corporate entity from Omega Research &
Development, and is not a parent or subsidiary of Omega Research and Development.  Doc. No. 38 at 22 ¶ 4, Aff. of
Kenneth Flick.

the 1999 License Agreement applies to *all* future disputes between Directed and Omega Research and Development, Inc., related entities, or third parties, such as Fortin.  The venue provision is silent on the issue of the forum for any *future* claims or disputes.  In sharp contrast is the venue provision construed in *P&S Business Machines v. Canon USA, Inc.*, that the Eleventh Circuit held applied to future claims, where the plaintiff had agreed that "suits between the parties upon any and all causes of action, whether or not such causes of action have risen under this agreement and regardless of the legal theory upon which such causes of action are based" would be brought in California.  331 F.3d 804, 806 (11th Cir. 2003).  Even if the 1999 License Agreement's venue provision contained such broad language regarding future disputes, it is not clear such agreement would extend to bind related parties like Plaintiff or unrelated third-parties such as Fortin.

Directed also contends in its reply brief that any rights Plaintiff Omega Patents obtained were from its principal, Mr. Flick (the inventor) and/or Omega Research and Development, and, thus Plaintiff takes those patent rights subject to a license from Mr. Flick and/or Omega Research and Development.  In response, Plaintiff argues that Directed has provided no evidentiary support to bind Plaintiff by piercing the corporate veil to apply the 1999 License Agreement to a related party such as Plaintiff.  Not only has Directed failed to show how Plaintiff and Omega Research and Development are related (and the 1999 License Agreement might be binding), Plaintiff Omega Patents was not even in existence at the time of the 1999 License Agreement between Directed and Omega Research.  Doc. No. 46 at 6 n.4.

Directed further contends that interpretation of the 1999 License Agreement between Omega Research & Development and Directed (assuming it is relevant) will require application of California

law.  Directed also argues that a license agreement between Directed and Fortin contains a forum

selection clause agreeing to jurisdiction in the California courts and applying California law.

Directed argues that, since its "defense and counterclaims in this action necessarily include

interpretation and application of the license agreement between Flick, Omega Research, and Directed,

its broad forum selection clause should be applied at least to the dispute between Plaintiff and

Directed."  Doc. No. 41-2 at 5.  At the same time, Directed candidly admits that the ownership of the

patents in the 1999 License Agreement (and any licenses emanating therefrom) will be an issue in the

litigation.  Doc. No. 41-2 at 3 n.3.   It is clear that the ownership or impact of prior patent licenses is

far from undisputed and the Court will not reach what are in essence unsupported factual assertions

going to the merits of the infringement dispute and patent licenses, when the Court is merely deciding

on the current record the motion to transfer.

The Court agrees with Plaintiff Omega Patents that the forum selection clause in the 1999

License Agreement between Directed and Omega Research and Development does not involve the

same parties or the same patents and was limited to the sixteen specific patents dealt with in the 1999

License Agreement.  Directed's agreement with Fortin is similarly not relevant to the dispute between

Plaintiff and Directed.  As Plaintiff points out, Paragraph 36 of the 1999 License Agreement limits

the contents of the Agreement to the "subject matter of this dispute."  Doc. No. 33, Ex. A.  It is

respectfully **RECOMMENDED**, to the extent that Directed seeks to transfer the claims against it on

the basis of the contents of the 1999 License Agreement, the Motion be **DENIED.**

*Forum Selection Clause in the Agreement between Fortin Auto and Omega Patents*

The Court first considers the plaintiff's initial choice of forum[4].  In this case, Omega initiated this suit over the Omega-Fortin Auto License, which contains a forum selection clause that states:

> This Agreement shall be governed in accordance with the laws of the State of Florida and the United States.  All disputes under this Agreement shall be resolved by litigation in the courts of the State of Florida including the federal courts therein and the Parties all consent to the jurisdiction of such courts, agree to accept service of process by mail, and hereby waive any jurisdictional or venue defenses otherwise available to it.

Doc. No. 1, Ex. A § 14.

The presence of a forum-selection clause is a significant factor that figures centrally in the district court's calculus. *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988).  A forum-selection clause, which represents the parties' agreement as to the most proper forum, "should receive neither dispositive consideration nor no consideration, but rather the consideration for which Congress provided in § 1404(a)." *Id.* at 31.  Following remand in the *Stewart* case, the Eleventh Circuit was faced with a second challenge by plaintiff to the forum selection clause and it opined:

> The federal courts traditionally have accorded a plaintiff's choice of forum considerable deference.  Thus, in the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient. When, however, the parties have entered into a contract containing a valid, reasonable choice of forum provision, the burden of persuasion is altered.
>
> In attempting to enforce the contractual venue, the movant is no longer attempting to limit the plaintiff's right to choose its forum; rather, the movant is trying to enforce the forum that the plaintiff had already chosen: the contractual venue. In such cases, we see no reason why a court should accord deference to the forum in which the plaintiff filed its action. Such deference to the filing forum would only encourage parties to violate their contractual obligations, the integrity of which are vital to our judicial system. *See Stewart,* 487 U.S. at __, ("[E]nforcement of valid forum selection clauses, bargained for by the parties, protects their legitimate

---

[4]The alternative venue must be one in which the action could originally have been brought by the Plaintiff.  It is undisputed that Plaintiff could have brought suit in California.  Doc. No. 38 at 9 n.6.

> expectations and furthers vital interests of the justice system.") (Kennedy, J., concurring); *see also Stewart,* 810 F.2d 1066, 1075 (11th Cir.1987) (en banc) ("Where, as here, the non-movant has not shown that it would be unjust to honor a forum selection clause that it has freely given, 'the interest of justice' requires that the non-movant be held to its promise.") (Tjoflat, J., concurring). We conclude that when a motion under section 1404(a) seeks to enforce a valid, reasonable choice of forum clause, the opponent bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute.

*In re Ricoh Corp.,* 870 F.2d 570, 573 (11th Cir. 1989) (some citations omitted).  It is undisputed that the forum selection clause in the Omega-Fortin Auto License required Omega's original claims against Fortin to be brought in Florida.  Defendant Directed, in what amounts to both a challenge to the Plaintiff's choice of forum *and* the Plaintiff's forum selection clause for the original claims, bears the significant burden of persuading this Court that "the contractual forum is sufficiently inconvenient to justify retention of the dispute."  Transfer can only be granted where the balance of convenience of the parties *strongly favors* the moving defendant. *See Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir. 1996) (holding that plaintiff's choice of forum should not be disturbed unless it is "clearly outweighed" by other considerations); *Allied Specialty Ins. Inc. v. Ohio Water Parks, Inc.,* 699 F.Supp. 878, 882 (M.D. Fla.1988) ("the Court must give considerable weight to plaintiff's choice of forum").

### Analysis of Other Factors for Transfer

The Court must consider the convenience of the parties and witnesses in deciding whether transfer of the Omega Patents-Directed claims is appropriate.  It is undisputed that Directed and its subsidiaries are Florida corporations; however, Directed contends that it has no physical sites in Florida, but operates from Vista, California, and its operations, management, design, engineering, and legal personnel are all located in Southern California.  Doc. No. 33, Minarik Decl. ¶¶ 2-3; Doc. No. 32 at 3 n.1.  According to Directed's Chief Executive Officer, many of Directed's California

employees and the former director of engineering will be witnesses in the case; all of its sales and relevant design documents are created and maintained in California.  Doc. No. 33, Minarik Decl. ¶¶ 4-6.

Plaintiff responds that the convenience of parties and witnesses weighs against transfer.  As Plaintiff correctly points out, the convenience of non-party witnesses is probably the most important factor in determining whether a transfer should be granted. 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE & PROCEDURE § 3851 at 415 (2d ed. 1986).  However, when considering this factor, it is not so much the convenience of the witnesses but the possibility of having their testimony at the trial that is important.  *Id.* at 420.  Transfer may be denied when the witnesses, although in another district, are employees of a party and their presence can be obtained by that party. *Id*. at 422-23.

Plaintiff contends that transfer is not justified in this case where Directed fails to specifically identify a single witness who would be inconvenienced.  Directed argues that all of its witnesses – without any particularity as to whether they are Directed's employees or non-party witnesses – will either be from California, or Canada (those with Fortin), or from overseas (outside engineering and design work).  Doc. No. 32 at 8.  As Plaintiff points out, witnesses from overseas or Canada will be traveling quite a distance to the proceedings no matter which state hosts the litigation; there is little difference in the accessibility of the airports, etc. to the federal courthouse for Southern California versus Orlando.  Moreover, the witnesses from Canada to whom Directed refers are those connected with Defendant Fortin, who prefers  for the case to remain in Florida.

Directed contends that Plaintiff is merely "a one man operation in Georgia" and it will be less inconvenient for Mr. Flick, Plaintiff's principal and the named inventor of the patents in dispute, to

litigate in California than for Directed to conduct its litigation in Florida.  Plaintiff counters that, since

Directed is a public company with 250 employees and sales of $250 million, it will be better able to

maintain business operations while participating in litigation, rather than shifting the inconvenience

to the "one-man operation" to litigate claims (against Directed) in California and (against Fortin) in

Florida.  Doc. No. 38 at 13 & 23 (Aff. of Flick).  As a "one-man operation," Plaintiff has less of a

financial ability to bear the cost of the change, which is another factor for the Court to consider.  A

transfer that merely shifts the inconvenience is not proper.  *Robinson v. Giarmarco & Bill, P.C.,* 74

F.3d 253, 260 (11th Cir. 1996).

Moreover, "the rule is that these applications are not determined solely upon the outcome of

a contest between the parties as to which of them can present a longer list of possible witnesses

located in the respective districts in which each party would like to try the case.  The party seeking

the transfer must clearly specify the key witnesses to be called and must make a general statement of

what their testimony will cover."  FEDERAL PRACTICE & PROCEDURE § 3851 at 425.  In this case,

Directed has failed to "clearly specify" the key witnesses to be called or their testimony[5], and has

failed to show the convenience of its unspecified testifying witnesses to even be a factor.

Directed also contends that its counsel will be inconvenienced by having to litigate in Florida.

Directed argues that its patent counsel and in-house legal team are located in Southern California and

it will be disadvantaged if these attorneys cannot take a leading role in the case, which will be difficult

so far from home.  Directed's argument falls flat, since convenience or location of counsel is not a

factor to be considered under § 1404(a), except to the extent a transfer will financially burden one of

---

[5]Directed's most concise description is that its "engineering team, accounting, and sales personnel" will be witnesses in the action.  Doc. No. 41-2 at 3.

-12-

the parties who must obtain new counsel in the transferee forum when its existing counsel litigated the original matter. FEDERAL PRACTICE AND PROCEDURE § 3850 at 412-15. Plaintiff Omega Patent's counsel for this case (enforcing a patent licensing and settlement agreement) is the same as counsel in the underlying patent infringement litigation, and this counsel is already familiar with the matters at hand.

The Court is also to consider the relative ease of access to evidence, as well as the location of relevant documents. Directed mentions this factor in passing, without any elaboration or argument, and the Court finds it is not significant. As Plaintiff recognizes, to the extent that this factor is applicable, all of the evidence and documents of both Omega Patents and Fortin are in Florida, and with the technologic advances in producing and reviewing documents, the document location is not much of a factor.

**CONCLUSION**

Directed's transfer arguments that rely on the forum selection clauses in previous agreements with a non-party or concerning other patents are not well-taken. The factors the Court must consider in deciding whether to transfer the case weigh against transfer to Southern California. For these reasons, it is respectfully **RECOMMENDED** that Defendant Directed Electronics, Inc.'s Motion to Dismiss or Transfer be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended and Ordered in Orlando, Florida on April 27, 2006.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy