# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**OMEGA PATENTS, LLC,**

          **Plaintiff/Counter Defendant,**

**-vs-**                              **Case No.  6:05-cv-1113-Orl-22DAB**

**FORTIN AUTO RADIO, INC., and**
**DIRECTED ELECTRONICS, INC.,**

          **Defendants/Counter Claimants.**
_____

## ORDER

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT AND COUNTER-CLAIMANT DIRECTED ELECTRONICS, INC.'S MOTION TO COMPEL PLAINTIFF AND COUNTER-DEFENDANT OMEGA PATENTS, L.L.C. TO PROVIDE COMPLETE RESPONSES TO DIRECTED ELECTRONICS, INC.'S FIRST REQUEST FOR PRODUCTION (Doc. No. 121)** |
| **FILED:** | **October 6, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

      Omega Patents, L.L.C., is a patent holding company that holds a number of patents in the

consumer electronics field.  Omega Patents previously filed suit against Defendant Fortin Auto Radio,

Inc., in March 2004 for patent infringement; that suit was resolved in September 2004 through a

settlement agreement in which Fortin was granted a license to practice certain patents (the "Omega-

Fortin Auto License").[1]  Subsequently, Omega Patents filed this lawsuit against Fortin to enforce the settlement agreement, believing that certain royalties from the patents were being under-reported. One source of sales for the under-reported royalties was allegedly through Defendant Directed Electronics, Inc.'s ("Directed") sales of products allegedly containing Plaintiff's patents, although Fortin has denied licensing the technology to Directed.  Directed counterclaimed, alleging that Kenneth Flick and Omega Research and Development, Inc. ("Omega R&D") are alter egos of Omega Patents.

The discovery period ended on September 29, 2006.  Doc. No. 88.  On October 6, 2006, Directed filed a motion  to compel discovery from Plaintiff Omega Patents, including "complete" responses to its First Request for Production and for a one hour deposition of Mr. Flick.  Doc. No. 121.  On November 2, 2006, Judge Conway denied Directed's Motion to Join Indispensable Parties (Doc. No. 117), *i.e.*, Mr. Flick and Omega R&D.  *See* Doc. No. 149.  Omega Patents is a Georgia limited liability company. Doc. No. 108, Undisputed Facts. Mr. Flick is the President of Omega R&D and the sole shareholder of Omega Patents.  *Id*.  Omega Patents and Omega R&D are separate corporate entities.  *Id*.  In May 1999, Directed, Flick and Omega R&D entered into a settlement agreement to resolve pending disputes in California over certain patents.  *Id*. (listing patent numbers). Omega Patents was not party to the May 1999 Agreement in California.  *Id*.  Directed asserts in its affirmative defenses that a prior cross-license in the May 1999 Agreement is a complete bar to Omega Patents' claims in this case.

---

[1]Case No. 6:04-cv-448-Orl-19JGG.

Directed sought from Omega Patents all documents that describe any banking, investment, or asset management activity by Omega Patents **and** Omega R&D.  Doc. No. 121 at 3-4.  Directed also served a subpoena duces tecum on Omega R&D seeking documents concerning banking activities, but has received no documents[2] in response.  Doc. No. 121 at 3-4. Directed now seeks to compel these financial documents, as well as a one-hour deposition of Kenneth Flick, from Omega Patents to prove that Omega R&D and Flick are the alter egos of Omega Patents.

Directed has not shown that it is entitled to the discovery sought over Omega Patents' objections.  First of all, Omega R&D is a Georgia corporation and there is no evidence of Mr. Flick's residency; the Court cannot enforce a subpoena duces tecum over a corporation or an individual located in another state.  Rather, to depose a witness in another state for a case pending in federal court, the party setting the deposition must obtain a subpoena from the federal court where the witness resides compelling his attendance at the deposition.  *See* Fed. R. Civ. P. 30(1) ("The attendance of witnesses may be compelled by subpoena as provided in Rule 45"); Rule 45 (A subpoena . . . for attendance at a deposition [must issue] from the court for the district where the deposition is to be taken.").  Directed has a case pending in California against Omega R&D, where they can presumably obtain relevant financial documents upon the appropriate showing[3].  *See* Doc. No. 139 at 2 n.1.

Second, as to those documents sought exclusively from Omega Patents, Directed has not made a showing of relevance to the patent claims at issue.  There is no judgment or debt owing by Omega Patents that would require a piercing of the corporate veil.  Georgia law, which would govern the

---

[2]Omega Patents and Omega R&D state that they produced responsive documents early to allow Directed's expert time to review them.  Doc. No. 139 at 5-6.

[3]Omega Patents contends that the California court provided Directed with only limited discovery of documents related to the "alter ego" issues that were necessary to respond to Omega R&D's motion to dismiss.  Doc. No. 139 at 5.

Georgia corporation Omega Patents, requires that as a precondition to piercing the corporate veil and holding individual shareholders liable, there be insolvency of the corporation; there has been no such showing in this case. *See Perry v. Unum Life Ins. Co. of Am.*, 353 F. Supp.2d 1237, 1240 (N.D. Ga. 2005) (quoting *Johnson v. Lipton*, 254 Ga. 326 (Ga. 1985)).

Third, Omega Patents' objections to Directed's requests for documents that describe "banking activity" or "investment activity" or "asset management activity" as vague and ambiguous are well-taken. Directed has not described its efforts to narrow them; or even suggest narrowing in its Motion to Compel. For the reasons stated above, the Motion to Compel is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on December 8, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-4-