IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OMEGA PATENTS, L.L.C.,

    Plaintiff,

v.                                                    Case No. 6:05-cv-1113-Orl-22DAB

FORTIN AUTO RADIO, INC., and
DIRECTED ELECTRONICS, INC.,

    Defendants.
_____/
DIRECTED ELECTRONICS, INC.,

    Counter-Claimant,

v.

OMEGA PATENTS, L.L.C.,

    Counter-Defendant.
_____/

### JOINT MOTION TO VACATE THE COURT'S FINAL JUDGMENT ORDER AND DISMISS THE REMAINING CLAIMS WITH PREJUDICE

Plaintiff Omega Patents, LLC ("Omega") and Defendant Directed Electronics, Inc. ("DEI"), through their undersigned counsel, seek the vacatur of the Court's Final Judgment Order and to dismiss all of each party's claims, with prejudice, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, and in support thereof, state the following:

Rule 60(b)(6) permits district courts, upon motion, to relieve the parties from a final judgment for "any . . . reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6).

On April 4, 2007, the Court entered a Final Judgment Order in this case. (Dkt. No. 291.) A number of post-trial matters remain before the Court, including DEI's Motion for Reconsideration and to Alter or Amend Judgment under Rule 59(e) (Dkt. No. 292); DEI's Renewed Motion for Judgment as a Matter of Law Under Rule 50 or, In the Alternative, For a New Trial Under Rule 59 (Dkt. No. 293); DEI's Motion to Stay Permanent Injunction Pending This Court's Decision on a Stay Pending Appeal Pursuant to Rule 62(c) (Dkt. No. 294); Omega's Motion for Attorney Fees (Dkt. No. 298); DEI's Motion To Expedite Consideration of Motion For Reconsideration (Dkt. No. 305); and Omega's Motion for Leave to Conduct Expedited Post-Trial Discovery (Dkt. No. 309). Additionally, DEI posted a Civil Supersedeas Bond (Dkt. No. 307) with the Court.

On May 12, 2007, the parties entered into a written settlement agreement. Pursuant to the parties' agreement, Omega has given a license option to DEI for the patent claims found invalid by the Court, but DEI can only exercise this option if the Court agrees to vacate the finding on invalidity. Otherwise, a case or controversy exists and Omega will be forced to pursue an appeal. The parties' agreement, *inter alia*, separately addresses the past and future manufacture and sale of data bus products covered by the patent claims that were held valid by the Jury. Thus, to obtain a final resolution of the dispute, both parties request vacatur of the Court's Final Judgment Order (Dkt. No. 291) and resolution of all pending issues. Absent such a vacatur, a final resolution between the parties does not exist.

The Court's vacatur of the Final Judgment Order serves the interest of judicial economy, as such a ruling makes an appeal unnecessary. The parties have diligently

negotiated a settlement agreement, which in the event of vacatur, resolves all matters between the parties.  However, absent vacatur, Omega will pursue an appeal and maintenance of the appeal would only serve to further tax the resources of both parties while burdening the resources of the judicial system.  For these reasons, the parties request that the Court vacate the Court's Final Judgment Order (Dkt. No. 291), as well as the Court's Markman Order (Dkt. No. 207) and Summary Judgment Order (Dkt. No. 218) as to findings of invalidity/indefiniteness of the means-plus-function terms.  If the Court chooses to vacate the Final Judgment Order, the parties also request the Court dismiss all of the parties' claims, motions, and pending matters <u>with prejudice</u>.

<u>LOCAL RULE 3.01(G) CERTIFICATION</u>

The parties agree with the relief sought in this Motion.  DEI's counsel has authorized the undersigned to file this Motion on both parties' behalf.

Respectfully submitted May 18, 2007.

| | |
|---|---|
| s/Ryan T. Santurri | s/John R. Posthumus |
| Brian R. Gilchrist, Esquire | George G. Matava, Esquire |
| Florida Bar No. 774065 | John R. Posthumus, Esquire |
| bgilchrist@addmg.com | Greenberg Traurig, LLP |
| Ryan T. Santurri, Esquire | 1200 17th Street, Suite 2400 |
| Florida Bar No. 0015698 | Denver, Colorado  80202 |
| rsanturri@addmg.com | Counsel for Defendant |
| ALLEN, DYER, DOPPELT, | |
|   MILBRATH & GILCHRIST, P.A. | |
| 255 South Orange Avenue, Suite 1401 | |
| Orlando, Florida  32802-3791 | |
| Telephone:     407-841-2330 | |
| Facsimile:     407-841-2343 | |
| Counsel for Plaintiff | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2007, I submitted the foregoing document for filing using the Case Management/Electronic Case Filing ("CM/ECF") system, which will send a Notice of Electronic Filing to the following CM/ECF participants:

| | |
|---|---|
| Richard L. Horn, Esquire | David S. Oliver, Esquire |
| J. Rodman Steele, Jr., Esquire | Greenberg Traurig, LLP |
| Akerman Senterfitt | 450 South Orange Avenue, Suite 650 |
| 222 Lakeview Avenue, Suite 400 | Orlando, Florida  32801 |
| West Palm Beach, Florida  33402-3188 | |
| | |
| Steve P. Hassid, Esquire | George G. Matava, Esquire |
| Christopher Darrow, Esquire | John R. Posthumus, Esquire |
| Greenberg Traurig, LLP | Brian A. Carpenter, Esquire |
| 2450 Colorado Avenue, Suite 400E | Greenberg Traurig, LLP |
| Santa Monica, California  90404 | 1200 17th Street, Suite 2400 |
| | Denver, Colorado  80202 |
| Kristen E. Caverly, Esquire | |
| Henderson & Caverly, LLP | |
| 16236 San Dieguito Road, Suite 4-13 | |
| Post Office Box 9144 | |
| Rancho Santa Fe, California  92067-9144 | |

s/Ryan T. Santurri  
Ryan T. Santurri
